Smith, C. J.
The defendant was indicted for the crime of embezzlement, under chapter 955 of the Laws of 1867. He pleaded, first, that he had been tried and acquitted of the crime charged in the indictment, in this court, on the 26th day of April, 1886; and, secondly, not guilty.
It appeared on the trial of this indictment that defendant had been indicted for grand larceny, in taking the same money which in this indictment he is charged with having embezzled. He was tried on the indictment for larceny in *752 April last in this court, and was acquitted, the court holding that the taking of the money was not larceny.
The facts appearing on the former trial were substantially the same as were proved on the trial of this indictment. The court held that the former trial and acquittal was not a bar to this indictment, and the jury having found the defendant guilty, he was sentenced to the Erie county penitentiary for the term of two years. This appeal is taken from the judgment so rendered.
The principle is well established that a former trial is no bar unless the first indictment was such as the accused might have been convicted upon by proof of the facts set forth in the second indictment.
To constitute a bar, the offense charged in both indictments must be identically the same, both in law and in fact. 4 Black. Com., 336;-1 Russ, on Cr., 829, 836; King v. Taylor, 3 Barn. & Cress., 502; Commonwealth v. Raby, 12 Pick., 496; Burns and Cary v. The People, 1 Park. Cr. R., 182; People v. Nichols, 3 id., 579.
In Baby’s case he was convicted in July, 1831, on an indictment for a felonious assault upon Maria Leonard on May 2, with the intent to kill and murder her. Thereafter the felonious assault proved fatal, and Leonard died thereof, and in November Baby was indicted for her murder. He pleaded in bar his former conviction, but the plea was overruled, and he was convicted of the murder, the court saying: “In considering the identity of the offenses it must appear by the plea that the offense charged in both cases was the same in law and in fact. The plea will be vicious if the offenses charged in the two indictments be perfectly distinct, in point of law, however nearly they may be connected in fact.”
The case of The People v. Nichols seems to be on all fours with this case. The defendant was indicted for grand larceny for the felonious taking and appropriation of goods entrusted to him as a common carrier. On the trial he was acquitted on the ground that the taking of the goods was not a larceny. He was then indicted for embezzling the goods under the same chapter 955 of the Laws of 1857, and pleaded the former trial and acquittal in bar. He was convicted, his plea being overruled, and the supreme court on a writ of error affirmed his conviction. Though the judgment of the supreme court was reversed in the court of appeals (by a divided court) 17 N. Y., 114; the reversal did not disturb the principle laid down above that the former trial is no bar unless the defendant could have been convicted upon the first indictment by proof of the facts set forth in the second.
In this case nothing can be more clear than that the *753 offence charged in the first indictment—grand larceny— could not be established by proof of the facts alleged in the second indictment, and which constitute the crime of embezzlement as defined by the statute referred to. Indeed on the first trial the defendant was not acquitted on the ground that the facts proved did not show that he had committed a crime, but that they did not show that he had committed the crime charged in the indictment. That the identity of the offences charged in the two indictments must exist both in law and in fact, in order to make the plea of a former trial available as a bar, is entirely consistent with the constitutional provision, which is that no person shall be subject to be twice put in jeopardy for the same offence.” And the statutory provision is in substance the same. Const. N. Y., article 1, § 6; Code Grim. Pro., § 9.
The other grounds of the defendant’s appeal cannot be sustained. The court did not err in overruling the demurrer to the indictment. It clearly sets out the offense created by the statute of 1867, and we cannot accede to the defendant’s claim that the statute is unconstitutional.
The exceptions to the admission of evidence on the trial were not well taken.
But we are constrained to hold that there must be a new trial, for the technical reason that the record does not show that the jury passed upqn the issue raised by the plea of a former trial and acquittal, nor that any judgment was rendered thereon.
The Code of Criminal Procedure provides in section 437 that:
“A general verdict upon a plea oí not guilty is either * guilty’ or * not guilty,’ imports a conviction or acquittal of the offense charged in the indictment. Upon a plea of a former conviction or acquittal of the same offense, it is either ‘for the people’ or ‘for the defendant.’”
And section 442 provides that:
“If the plea he a former conviction or acquittal of the same offense, the court must give judgment oí acquittal or conviction, according as ihe facts prove or fail to prove the former conviction or acquittal.”
Though the record before us shows the two pleas of not guilty and of the former acquittal, made by the defendant to the indictment, yet the only verdict rendered by the jury, appearing on the record, is “ guilty as charged in the indictment.” The issue raised by the plea of former acquittal was not, so far as the record shows, passed upon by the jury, and the judgment of the court rests solely upon the verdict upon the issue raised upon the plea of not guilty. Section 449 expressly declares that:
“Ho judgment of conviction can be given unless the jury expressly find against the defendant upon the issue.”
*754 The jury did not find against the defendant in this case upon his plea of a former acquittal. As there is no verdict upon the issue raised by that plea, and no judgment thereon, there must be a new trial to correct the errors in that respect.
The judgment appealed from is therefore reversed, and a new trial is ordered.
Beckwith, J., concurs.